BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE PETROLEUM PRODUCTS )
ANTITRUST LITIGATION )   DOCKET NO. 150

MULTIDISTRICT LITIGATION
FILED
APR 15 1975
PATRICIA D. HOWARD
CLERK OF THE PANEL

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM *, EDWARD WEINFELD *, EDWIN A. ROBSON, WILLIAM H. BECKER *, JOSEPH S. LORD, III *, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

The States of Connecticut, Kansas and Florida have separately instituted in their respective federal districts three antitrust class actions against a total of twenty-three major oil companies. Each state is suing individually and on behalf of its agencies, departments and political subdivisions that are consumers of petroleum products and services; the Connecticut class also includes all individual purchasers within the state. The complaints in each action contain allegations that defendants jointly and severally violated various federal antitrust laws and, in essence, challenge the structure and business practices of the petroleum industry on a national, state and local level. Plaintiffs seek treble damages, injunctive relief and divestiture.

---

\* Although Judges Wisdom, Weinfeld, Becker and Lord were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

- 2 -

The Florida action has been dismissed on the ground that the Attorney General of Florida lacked authority under Florida state law to initiate the action. An appeal from that dismissal is currently pending before the Court of Appeals for the Fifth Circuit.

Plaintiff Connecticut moves the Panel for an order transferring the three actions to the Northern District of Georgia. All defendants oppose transfer. We find that the Kansas and Connecticut actions involve common questions of fact and that transfer of the Kansas action to the District of Connecticut for coordinated or consolidated pretrial proceedings with the action pending there will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Under 28 U.S.C. §1407, the Panel is only authorized to transfer civil actions that are pending in different districts. Since the Florida action has been dismissed, it is no longer pending in a federal district and is therefore beyond the Panel's jurisdiction.

With the Florida action excluded from Section 1407 consideration, defendants argue that too few actions are involved to warrant transfer. They stress that there are defendants and state law allegations unique to each action and that insignificant economies will be achieved by Section 1407 treatment.

- 3 -

We disagree. The complaints in these two actions are substantially similar and prima facie raise extremely complex factual issues involving the structure and business practices of the petroleum industry. Twelve major oil companies are defendants in both actions. Supervision by a single judge will therefore eliminate the possibilities of duplicative discovery and inconsistent pretrial rulings. Moreover, the presence of defendants and claims that are involved in only one of the actions does not prevent transfer because the transferee judge has the broad discretion to design a pretrial program in which discovery on any unique issues can proceed concurrently with discovery on the common issues. See In re Republic National-Realty Equities Securities Litigation, 382 F. Supp. 1403, 1405-06 (J.P.M.L. 1974).

Although movants contend that the Northern District of Georgia is an appropriate transferee district because of its convenient location, we find that the District of Connecticut is the most suitable forum. The action in that district is more advanced than the one in Kansas. Thus, Judge T. Emmet Clarie, who is handling the Connecticut action, has gained a familiarity with the complicated issues, the parties and their tactics, which will enable him to supervise this litigation toward its most just and expeditious termination.

IT IS THEREFORE ORDERED that the action listed on the attached Schedule A pending in the District of Kansas be, and the same hereby is, transferred to the District of Connecti-

- 4 -

cut and, with the consent of that court, assigned to the Honorable T. Emmet Clarie for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action listed on Schedule A and pending in that district.

IT IS FURTHER ORDERED that transfer, pursuant to 28 U.S.C. §1407, of State of Florida, etc. v. Exxon Corp., et al., 5th Cir., Civil Action No. 74-3309 , be, and the same hereby is, DENIED.

SCHEDULE A                                              DOCKET NO. 150

### DISTRICT OF CONNECTICUT

State of Connecticut v. Amerada Hess          Civil Action
Corp., et al.                                 No. H-114

### DISTRICT OF KANSAS

State of Kansas, etc. v. Exxon                Civil Action
Corp., et al.                                 No. 74-201-C5